**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v | * | **CRIMINAL NO: 15-102-CB** |
| **GAO BO** | * | |

**MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE MOTION FOR NEW TRIAL**

Comes now the Defendant, GAO BO, by and through his attorney, Sidney M. Harrell, Jr., and renews his judgment of acquittal pursuant to Rule 29 (a), Federal Rules of Criminal Procedure, requesting that this Court set aside the guilty verdicts entered against the defendant on November 6, 2015 in the above-styled case. In the alternative, the defendant respectfully requests that this Court Order a New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. As grounds therefore, the defendant avers the following:

That Rule 29(a) of the Federal Rules of Criminal Procedure provides that: (a) Before Submission to the Jury. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

The applicable standard for ruling on a motion for judgment of acquittal is whether viewing the evidence presented most favorable to the Government, a reasonable-minded jury could accept the relevant and admissible evidence as (adequate) and sufficient to support the conclusion of defendant's guilt beyond a reasonable doubt. *United States v. Brown*, 587 F.2d 187, 190 (5th Cir 1979).

**Count One (Alabama Indictment): Conspiracy**

In order to obtain a conviction for conspiracy the government must prove that the defendant BO GAO did willfully conspire, confederate and agree to (1) knowingly fail to maintain an Oil Record Book for the Stavanger Blossom (2) with intent to impede, obstruct and influence

the investigation by United States Coast Guard/ Port Authority to determine compliance with MARPOL and United States Law did knowingly conceal cover up falsify and make a false entry in a record or document that is false, fictitious and misleading Oil Record Book for the Stavanger Blossom that concealed entries falsely stating that required pollution preventing equipment had been used when it had not and (3) to corruptly influence, obstruct and impede investigation of the United States Coast Guard and Homeland Security.

     To sustain a conspiracy conviction, the government must present some evidence from which it reasonably can be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it, *U.S. v. Rodriquez*, 372 F3rd 539 (2d Cir 2004), conspiracy requires a specific intent. To establish guilt the government must prove that the plaintiff knew of the existence of the scheme to commit the crime claimed in the indictment. *U.S. v. Morgan*, 385, F3d 196, 206 (2nd Cir. 2004 "Proof that the plaintiff knew that some crime had been committed is not enough. *U.S. v. Friedman*, 300 F.3d, 111, 124 (2nd Cir. 2000). In *United States v. Chandler*, 376 F.3d 1303 (11th Cir. 2004): A conspiracy is an agreement between two or more persons to accomplish an unlawful plan. 18 U.S.C. § 371; *United States v. Parker,* 839 F.2d at 1477. The essence of the conspiracy is this agreement to commit an unlawful act. *United States v. Toler,* 144 F.3d at 1425. What distinguishes the offense of conspiracy from a substantive offense, is that "agreement is the essential evil at which the crime of conspiracy is directed." *Iannelli v. United States,* 420 U.S. 770, 777 n. 10, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). The agreement itself "remains the essential element of the crime." *Id.* Thus the government must prove the existence of an agreement to achieve an unlawful objective and the defendant's *knowing* participation in that agreement. *United States v. Adkinson,* 158 F.3d 1147, 1155 (11th Cir.1998)

     That trial records reflect that the defendant BO GAO served as the chief engineer on the M/T Stavanger Blossom from on or about May 24, 2014 until on or about August 24, 2014. That defendant BO GAO rotated with the other chief engineer DANIEL PAUL DANCU every three months. That prior to trial the defendant DANIEL PAUL DANCU pled guilty to Count one of the indictment (conspiracy) and agreed to cooperate and testify against the remaining co-defendants.

     That the government failed to present any evidence that ties the defendant BO GAO to any conspiracy. That the co-defendant DANIEL PAUL DANCU testified at trial that he never had any direct conversation with defendant BO GAO concerning discharging of pollution. That DANCU

further testified that he never had any direct conversation with the defendant regarding Oil Record Book, or the operation of the Oily Water Separator.

Even in the light most favorable to the government, and drawing all inference in favor of the government BO GAO is entitled to a judgment of acquittal because the evidence offered by the government could not persuade any trier of fact of this guilt beyond a reasonable doubt.

### Count 4 (Alabama Indictment) Obstruction of Justice, aiding and abetting
### Count 2 (Louisiana Indictment) Obstruction of Justice, aiding and abetting

That the defendant was also convicted in Counts 4 of the Alabama Indictment as well as Count 2 of the Louisiana indictment for obstruction of justice, aiding and abetting that the Government must prove the Defendant was concealing, or covering up, falsifying or making false entries or omissions in the Oil record Book and with aiding and abetting of the same. That these convictions are wholly inconsistent as the defendant was acquitted of Count 2 of the Alabama Indictment and acquitted of Count 1 of the Louisiana indictment charging failure to maintain record book.

The Government provided insufficient evidence to show that the defendant made any false entries into the Oil Record Book. There was no testimony that the defendant ordered anyone to any false entry into the Oil Record Book. That the government has failed to introduce sufficient evidence to show that the defendant aided or abetted obstruction of justice with regard the Oil Record Book.

That Coast Guard Investigator Kathryn Capetta testified at trial that the defendant made some inconsistent entries for the dirty bilge tank into the Oil Record Book. That these entries listed the transfer of waste from the dirty bilge tank to the ships incinerator.

In viewing the evidence in a light most favorable to the Government, the most the Government has proven is that BO GAO was one of the chief engineers aboard the Stavanger Blossom, who had rotated with the other chief engineer DANIEL PAUL DANCU every three months since March 2012. That DANIEL PAUL DANCU was the chief engineer when the Stavanger Blossom entered port at Lake Charles, Louisiana in November 2014 and when the blossom entered port in Mobile in November 2014.

## In the Alternative, the Defendant BO GAO is entitled to a New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure

If the Court denies the defendants Motion for Judgement of Acquittal, the defendant moves in the alternative for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Rule 333 provides that "upon the defendants motion, the court may vacate any judgement and grant a new trial if the interest if justice so requires. A new trial may be granted in the interest of justice or where the evidence preponderated in favor of doubt as to the conclusiveness of the proof of the defendants guilty of all elements of the offense. United States v Martinez, 763 U.S. 1297, 1312 (11th Cir 1985) ("The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the court"). The interest of justice standard is broad enough to cover circumstances where the alleged defect does not constitute reversible error. *United States v Vicaria*, 12 F 3rd 195, 198-99 (11th cir 1994)

That the defendant renews and incorporates by reference the arguments of all other co-defendants in their written and oral motions for judgement of acquittal, pursuant to the order of this court.

Respectfully Submitted,

/s/Sidney M. Harrell Jr.
Sidney M. Harrell, Jr.
Attorney for the Defendant
P.O. Box 2686
Mobile, AL 36652
(251) 476-3330
sidharrelljr@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 20th day of November, 2015, served a copy of the foregoing pleading upon all interested parties by electronic filing.

/s/Sidney M. Harrell Jr.
Sidney M. Harrell, Jr.