IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| DSD SHIPPING, AS | * | 1:15-CR-00102-CG |
| | * | |

GOVERNMENT'S MOTION FOR
STATUTORY AWARD PAYMENT PURSUANT TO 33 U.S.C. § 1908(a)

COMES NOW the United States of America, by and through its attorney Kenyen R. Brown, United States Attorney for the Southern District of Alabama, and files this Motion for Statutory Award Payments, and respectfully requests this Court to award $750,000 USD, which is one-half of the fine imposed as a result of the conviction of violating the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) (APPS), to be distributed evenly between Rolando Tabugara Babon and Keith Cadungog Enong.

DEFENDANT'S FINE AND THE COURT'S AWARD AUTHORITY

On April 11, 2016, DSD Shipping, AS, was sentenced to pay a $2,000,000 fine as a result of its conviction for eight felony offenses. These offenses included three counts of violating the Act to Prevent Pollution from Ships (APPS), 33 U.S.C. § 1908(a). The total maximum fine attributable to these three APPS counts is $1,500,000.

APPS is designed to implement an international law treaty known as the MARPOL protocol, which sets forth international standards to protect the marine environment. In order to further this purpose, APPS grants this Court the discretionary authority to issue a monetary award for up to one-half of any criminal fine imposed on the defendant to those individuals who provide

information that leads to a conviction under APPS.  Specifically, section 1908(a) of APPS provides that:

> A person who knowingly violates the MARPOL Protocol, this chapter, or the regulations issued thereunder commits a class D felony. <u>In the discretion of the Court, an amount equal to not more than ½ of such fine may be paid to the person giving information leading to conviction.</u>

33 U.S.C. § 1908(a) (emphasis added).

The APPS award provision serves a valuable law enforcement purpose by encouraging those most likely to know of illegal conduct to report it and cooperate with law enforcement. Because the discharge of oily waste typically takes place in the middle of the ocean in international waters, the only persons likely to know about the conduct and the falsification of the ORB are the crew members.  Absent crew members with firsthand knowledge of the illegal conduct coming forward, APPS violations are otherwise extremely difficult to uncover.  Further, a crew member who reports illegal conduct faces potential reprisal, such as the possibility that they will lose relatively lucrative employment and be blacklisted and barred from working in the marine shipping industry in the future.  A substantial monetary award, as provided by APPS, both rewards crew members for taking those risks and provides an incentive for other crew members to come forward and report illegal conduct on vessels in the future.

<u>ASSISTANCE PROVIDED BY BABON AND ENONG</u>

Rolando Tabugara Babon and Keith Cadungog Enong served as the fitter and "pump man," respectively, on the *M/T Stavanger Blossom*, a ship that was owned and operated by DSD Shipping, AS.  In November 2014, Mr. Babon and Mr. Enong determined that the vessel was equipped with a bypass pipe that allowed the illegal discharge of oil into the ocean.  Thereafter, the two crewmen used personal electronic devices to take photographs and record videos of conduct aboard the ship.  This included the removal and replacement of the bypass pipe, the

cleaning of the Fuel Oil Sludge Tank, and the discharge of sludge from the vessel into the ocean. On November 8, 2014, Mr. Babon reported this activity to the United States Coast Guard (USCG) by e-mail while the ship travelled to the Port of Mobile. Upon arrival, Mr. Babon and Mr. Enong were interviewed by USCG inspectors. Both crewmen immediately told the inspectors about the illegal conduct aboard the *M/T Stavanger Blossom*, and voluntarily provided the electronic evidence they had documented.

In addition to honestly providing information to the USCG, Mr. Babon and Mr. Enong also testified at the trial of *U.S. v. DSD Shipping, AS, et. al.*, 1:15-CR-00102-CG (S.D. Al. 2015). DSD Shipping, AS, and engineering officers employed by the company were convicted following a jury trial for violating APPS, obstruction of justice, witness tampering, and conspiring to commit these acts.

## HISTORICAL APPS PAYMENTS

As set forth below, there have been many other cases in which an award has been issued pursuant to Section 1908 of APPS:

- *United States v. Marine Managers, Ltd.*, No. 14-118 (E.D.L.A. 2015): award of $100,000 to two crewmembers, for a total of $200,000, the maximum award available.

- *United States v. Diana Shipping Services S.A.*, No. 2:13-CR-00040 (E.D.V.A. 2013): award of $75,000 to two crewmembers for a total of $150,000, the maximum award available.

- *United States v. Giuseppe Bottiglieri Shipping Company S.P.A.*, et al., No. 1:12-CR-00057 (S.D.A.L. 2012): award of $500,000 to five crewmembers, the maximum award available.

- *United States v. Odysea Carriers, S.A., et al.*, No. 2:12-CR-00105 (E.D.L.A. 2012): award of $183,000 to one crewmember, the maximum award available.

- *United States v. Target Ship Management Pte. Ltd., et al.*, No. 1:11-CR-00368 (S.D.A.L. 2012): award of $250,000 to one crewmember following imposition of $1,000,000 fine.

- *United States v. Ilios Shipping Company S.A., et al.*, No. 2:11-CR-00286 (E.D.L.A. 2012): award of $350,000 to one crewmember, the maximum award available.

- *United States v. Keoje Marine Co. Ltd., et al.*, No. 1:11-CR-01258 (D. Hawaii 2012): award of $150,000 paid to one crewmember, the maximum award available.

- *United States v. Noka Shipping Company Limited*, No. 2:11-CR-00534 (S.D.T.X. 2011): award of $250,000 to one crewmember, the maximum award available.

- *United States v. Ionia Management, S.A.*, No. 3:07-CR-134 (D. Conn. 2011): awards of $550,000, $350,000 and $350,000 to three crewmembers who petitioned for awards, and awards of $75,000, $25,000, $25,000 and $25,000 for nonmoving crewmembers, the maximum award available.

- *United States v. Aksay Denizcilik Ve Ticaret A.S.*, No. 8:10-CR-00116-RAL-TGW (M.D. Fla. 2010): award of $250,000 to two crewmembers, the maximum award available.

- *United States v. Hiong Guan Navegacion Japan Co., Ltd.*, No. 8:08-CR-494 (M.D. Fla. 2009): awards of $253,125 and $84,375 to two crewmembers, the maximum award available.

- *United States v. General Maritime Management (Portugal), L.D.S.*, No. 2:08-CR-00393 (S.D.T.X. 2009): award of $250,000, the maximum award available, divided proportionately between 5 crew members.

INSTANT REQUEST FOR APPS PAYMENT

This Court has discretion to award to Mr. Babon and Mr. Enong an amount up to one-half of the criminal fine imposed in connection with Counts Two and Three of case number 1:15-CR-00102-CG, and Count One of case number 1:15-CR-00179-CG.  These two crewmen provided critical evidence that assisted the government's investigation and prosecution of DSD Shipping, AS, and four engineering officers employed by DSD.  In light of the information provided by these crewmembers, the government respectfully moves this Court to find that the crewmembers provided information that led to a conviction pursuant to 33 U.S.C. § 1908(a).

The government therefore respectfully requests that the Court order an award of $750,000 USD to be evenly split between Rolando Tabugara Babon and Keith Cadungog Enong, in

recognition of their contribution to the successful prosecution of these matters. Should the Court grant this motion, the government respectfully requests that the Clerk of Court issue a check made out to each witness individually in the amount of $375,000 USD. In order to ensure its safe delivery, the government respectfully requests the checks be sent via Federal Express to the Department of Justice Attaché in Manila, Philippines at:

>U.S. Department of Justice
>2nd Floor, NOX 2 Building
>Chancery Compound
>1201 Roxas Blvd., Ermita
>Manila 0930, Philippines
>632-301-2000 Ext. 6501
>Attention: Donald Ashley
>DOJ Attaché

Thereafter, the checks will be hand-delivered by the attaché to Mr. Babon and Mr. Enong.

## CONCLUSION

WHEREFORE, and for the reasons stated above, the government requests that this Court impose a sentence on the defendants consistent with the requests of the government as set forth in this memorandum.

Dated at Mobile, Alabama this 25th day of August, 2016.

>Respectfully submitted,
>KENYEN R. BROWN
>UNITED STATES ATTORNEY
>
>
>*/s/ Michael D. Anderson*
>MICHAEL D. ANDERSON
>Assistant United States Attorney
>
>
>*/s/ Shane N. Waller*
>SHANE N. WALLER
>Trial Attorney
>Environmental Crimes Section
>U.S. Department of Justice

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 25, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

>	*/s/ Shane N. Waller*
>	SHANE N. WALLER
>	Trial Attorney
>	Environmental Crimes Section
>	U.S. Department of Justice